<hr/>

TOWN OF BRIDGEPORT *vs.* MARY BISHOP.

The act of 1864, (Revision of 1866, p. 717, sec. 46,) which provides that railroad companies shall pay a tax predicated on the "market value of their stock and of their funded and floating debt," which tax " shall be in lieu of all other taxes on railroad property and franchises within this state," does not exempt railroad bonds from taxation as the property of the persons holding them.

AMICABLE SUIT. The case is fully stated in the opinion.

*Treat* and *Blake*, for the plaintiffs.

*Beardsley* and *Sumner*, for the defendant.

HINMAN, C. J. This is an amicable suit, the object of which is to determine the legality of a tax on sixteen thousand dollars of the bonds of the Naugatuck Railroad Company, owned by the defendant. The town claims that the bonds are liable to taxation, and the defendant claims that they are exempt under the provisions of the 3d section of the act of 1864, (Revision of 1866, p. 717, sec. 46,) providing for a tax on the stock and the funded and floating debt of railroad corporations, to be paid to the state, and providing also that this tax " shall take the place and be in lieu of all other taxes on railroad property and franchises within this state."

We are of opinion that this provision was not intended to affect in any way the liability of persons to taxation on bonds

held by them against railroads. The 8th section of the general statute providing for the assessment of taxes, (Revision of 1866, p. 709,) mentions expressly bonds as one species of personal property that is liable to taxation, and neither by that section nor by any other are railroad bonds, or the bonds of railroad companies, held by individuals, exempted from taxation. The exemption of the funded and floating debt of railroads from any other taxation than that provided for by the act of 1864 was intended to apply to railroads alone. The argument from the fact that under the construction which we give to the statute there is a double taxation, might well enough be addressed to the legislature as a reason for exempting railroads from liability to be taxed on their indebtedness, but can have no operation any where in favor of exempting the bond creditors of these corporations from their proportionate share of the public burdens.

We advise the superior court that the bonds of the defendant are liable to taxation by the town of Bridgeport.

In this opinion the other judges concurred.